BERNTZON, Respondent, vs. EDWARDSEN and another, Appellants.

*May 6—June 1, 1915.*

*Vendor and purchaser of land: Waste: Injunction: Chattel mortgages:*
*Sale: Failure to file affidavit: Discharge.*

A preliminary injunctional order restraining, at the suit of the
vendor, the vendees in a land contract from committing waste
by cutting timber on the land, is affirmed. BARNES, J., dissents,
on the ground that the vendees' indebtedness for the purchase
price had been discharged by the vendor's failure to file the af-
fidavit required by sec. 2316c, Stats., after a sale of property
under a chattel mortgage which the vendor had taken as addi-
tional security for the payment of said price.

APPEAL from an order of the circuit court for Marathon
county: A. H. REID, Circuit Judge. *Affirmed.*

Action to restrain commission of waste.

The complaint was to this effect: April 12, 1913, plaintiff
contracted in writing to sell a particular farm and some live
stock thereon for $4,500, of which $500 was paid down, the
balance was agreed to be paid in specified instalments, and a
promissory note conditioned accordingly was given. It was
stipulated in the land contract that the vendee should not cut
or remove any timber from the land in advance of at least
$1,500 of the purchase price of the property being paid. In
addition to retention of title to the land as security for the
deferred payments, plaintiff took a chattel mortgage on the
live stock and duly filed the same. Prior to May 8, 1914,
plaintiff received payments on the note to the extent of
$423.21. On that day under the terms of the chattel mort-
gage and without consent of defendants he caused the mort-
gaged chattels to be seized and sold. The net proceeds there-
of were $434.54. He failed to comply with sec. 2316c, Stats.
1913. December 1, 1914, defendants, without having paid
$1,500 on the purchase price of the farm and live stock began
cutting timber from the land with the intention of removing
the same and refused to desist therefrom, though plaintiff de-

manded that they do so. They are irresponsible and if permitted to breach the contract by committing waste upon the land plaintiff will be irremediably damaged.

Appropriate permanent relief was demanded and an interim injunction asked for.

Defendants answered admitting the claim as to their cutting timber with the intention to remove the same from the land and without having paid in money the $1,500, as provided in the land contract, and insisted upon their having a right to do so because their purpose was to clear the land for cultivation and because the indebtedness covered by the chattel mortgage and land contract was extinguished by failure of plaintiff to comply with the statute as to enforcing chattel mortgages.

On the pleadings and properly exhibiting the same as aforesaid the court granted the plaintiff the protection of a preliminary injunction restraining defendants pending the action from cutting and removing timber from the land. They appealed.

The cause was submitted for the appellants on the brief of *Brown, Pradt & Genrich,* and for the respondent on that of *Kreutzer, Bird, Rosenberry & Okoneski.*

PER CURIAM. In this case, though the idea prevails that the order should be affirmed, there is such conflict of views as to the ground therefor, it is considered the general practice in such situation of pronouncing judgment of affirmance without any opinion being filed should be followed and such is the order.

BARNES, J. (*dissenting*). The real estate and chattel mortgages were given to secure the same indebtedness. Sec. 2316c, Stats., provides:

"In case of the failure of the owner of any such mortgage, or his agent conducting such sale, to comply with the provisions of this section within the time herein limited, the debt

secured by such mortgage shall be deemed fully satisfied and the mortgage canceled."

This is a pretty plain statute. Like many other statutes on our books, the penalty provided for violation is grossly excessive. By the terms of the statute the chattel mortgage is not only canceled, but the debt which it secured is *"deemed fully satisfied."* If the statute means what it says, the defendants owed the plaintiff nothing when the action was begun, and he was entitled to no relief.

I think the way to deal with statutes of this kind is to enforce them as they are written. I believe the legislature in this instance meant just what it said. There is a tendency to insure obedience to many statutes by imposing excessive penalties. The fact is lost sight of that not every one is familiar with our statute law, although presumed to know it, and that there are innocent violations of the statutes, in the sense that the violators do not know they are doing wrong when they do the forbidden act or fail to do the act required.

If this were a case where the plaintiff held a note and mortgage on a cow for $40, and the property had been seized and sold and brought only $30 at the sale, the court, I think, would have no hesitancy in finding not only that the mortgage was canceled, but that the debt secured by the mortgage was satisfied. This is evidently the kind of a situation the legislature had in mind when the law was passed. It was not thinking in large sums or about exceptional cases. It deemed it just to require that the affidavit provided for be filed, and, in order to secure obedience to its mandate, said that failure to file should operate as a satisfaction of the debt secured by the mortgage. It rather shocks our sense of right and justice to say that the plaintiff should lose $4,000 here because he failed to comply with the statute by filing the affidavit required thereby. Still, I think this does not change the law, and if the debt of $10 is satisfied in the supposed case referred to, it is not easy to see why the entire debt is not satisfied here.